IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS BRUCE LANDSCAPE MANAGEMENT SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) Civil Action No.  06-1517 ) |
| MERCHANT'S MUTUAL INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff asserts claims against its insurer for the failure to pay on insurance policies in connection with a truck and construction equipment.  Defendant removed the action to federal court on the basis of diversity jurisdiction.  Plaintiff contends that the amount in controversy requirement is not met and the action must be remanded.  The Defendant contends that certain of the claims must be dismissed.  I find that the amount in controversy requirement is satisfied and that Plaintiff is entitled to file an Amended Complaint.

### OPINION

Plaintiff Dennis Bruce Landscape Management Services, Inc. ("Bruce") is in the

1

business of landscaping, tree removal and snow removal. In conjunction with that business, Bruce owned a 2004 Ford F-350 Super Duty Dump Truck ("the Truck") and a 2006 Caterpillar 242 SSL Skidloader and Trailer ("the Skidloader and Trailer"). The Truck, the Skidloader and the Trailer were insured under commercial vehicle policies and commercial equipment policies issued by Defendant Merchant's Mutual Insurance Company ("Merchant's Mutual").

On July 15, 2006, the Truck sustained damage from a fire. Although Bruce submitted a claim on the truck, Merchant's Mutual has made no payment, denial or adjustment and has in fact retained possession of the truck. Similarly, on or about July 31, 2006 or August 1, 2006, Bruce's Skidloader and Trailer were stolen. A short time thereafter the Skidloader was recovered but had been vandalized. The Trailer has not yet been recovered. Bruce again submitted claims to Merchant's Mutual. The claims have not been paid and Bruce has been unable to utilize the Skidloader as it has not been repaired.

Bruce then initiated this action in the Court of Common Pleas of Allegheny County, Pennsylvania. Count I sets forth a claim for breach of contract based upon the failure to pay the claim submitted in connection with the Truck. Count II sets forth a claim for breach of contract based upon the failure to pay the claim submitted in connection with the Skidloader and Trailer. Count III is entitled "Violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Act,

73 Pa. Sections 201-1 et seq." ("UTPCPL").[1]  Finally, Count IV purports to set forth a claim for punitive damages.

Merchant's Mutual removed the Complaint to federal court on the basis of diversity jurisdiction. Bruce has filed a Motion for Remand (See Docket No. 7), urging that the amount in controversy requirement has not been satisfied. Merchant's Mutual has filed a Motion to Dismiss Counts III and IV and / or in the alternative, Motion to Strike Portions of Count III.(See Docket No. 3). After careful consideration, and for the reasons set forth below, the Motion for Remand is denied and the Motion to Dismiss is granted.  Dismissal is, however, without prejudice to file an Amended Complaint within 10 days of the date of the accompanying Order curing the deficiencies noted herein.

### I. Motion to Remand

As stated above, Merchant's Mutual removed this action to federal court on the basis of diversity jurisdiction. A district court has "original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between - (1) citizens of different States... ." 28 U.S.C. § 1332.  Here, there is no dispute that Bruce and Merchant's Mutual are citizens of different States.  The only issue to be resolved is whether the amount in controversy requirement has been satisfied.

Merchant's Mutual, as the removing party, bears the burden of proving that

---

[1] As set forth below, Bruce now contends that he intended to set forth a claim in Count III for bad faith, rather than a claim under the UTPCPL.

the amount in controversy requirement has been satisfied. Here, in Count I, Bruce demands compensation in the amount of $39,000 from Merchant's Mutual for damage to the Truck, in conjunction with $10,000 for each month during the Summer/Fall months and $8,000 for each month during the Winter months for loss of use of the Truck. As of the filing of the Complaint, the losses demanded in conjunction with Count I amounted to $69,000. In Count II, Bruce seeks $1,545 associated with vandalism to the Skidloader and $4,000 for the stolen Trailer. A simple calculation reveals that, at the time the Complaint was filed, Bruce was seeking, at a minimum, $74,545.00 in damages.

While this amount is below the jurisdictional limit, it is significant to note that Bruce also demands punitive damages. See Complaint, Count IV. "If punitive damages are sought, a court may include them in the amount in controversy unless the demand is "patently frivolous and without foundation.'" Javorski v. Nationwide Mutual Ins. Co., Civ. No. 3-1071, 2006 WL 2225851 at * 5 (M.D. Pa. Aug. 2, 2006), quoting, Golden ex rel Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004). "Punitive damage claims are *per se* patently frivolous and without foundation if they are unavailable as a matter of state substantive law." Golden, 382 F.3d at 355 (citations and internal quotations omitted). Thus, where a request for punitive damages is appropriately made, the request "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." id. Here, it is clear that Bruce is attempting to

assert a bad faith claim which includes a demand for punitive damages.[2]  Thus the demand for punitive damages is not "patently frivolous."  When Bruce's request for punitive damages is considered in conjunction with the demand for $74,545 as set forth in the Complaint, I cannot state with a legal certainty that the value of the claims is below the statutory minimum.  Consequently, the Motion to Remand is denied.

## II. Motion to Dismiss

Merchant's Mutual seeks the dismissal of Counts III and IV of the Complaint.  As stated above, Count III is styled as a claim under Pennsylvania's UTPCPL.  Merchant's Mutual insists that the claim under the UTPCPL is fatally flawed.  Also, as stated above, Count IV is styled as a claim for punitive damages.  Merchant's Mutual urges that Count IV should be dismissed both because there is no separate cause of action for punitive damages and because punitive damages are not available for either breach of contract or UTPCPL claims.

In response, Bruce explains that the intent in Count III was to assert a claim for bad faith rather than a claim under the UTPCPL.  Bruce also concedes that there is no separate cause of action for punitive damages under Pennsylvania law.  See Docket No. 9, p. 1.  However, Bruce does recognize that punitive damages are recoverable in connection with a bad faith claim.  Bruce asks this Court for permission to file an Amended Complaint.  Given the early stage of the proceedings,

---

[2] As set forth below, I will permit Bruce to file an Amended Complaint properly setting forth a claim for bad faith and an associated demand for punitive damages.

I will grant such a request.

## **ORDER OF COURT**

THEREFORE, this **17th** day of January, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion for Remand (Docket No. 7) is DENIED. The Motion to Dismiss (Docket No. 3) is GRANTED and the Motion to Strike (attached to Notice of Removal [Docket No. 1]) is denied as moot. The dismissal is, however, without prejudice to file an Amended Complaint within ten (10) days of the date of this Order curing the deficiencies noted herein.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge